IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES R. SARTORIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-119 |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, STATE FARM | ) |
| INSURANCE COMPANIES and STATE | ) |
| FARM COMPANIES, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM

I

This civil action arises out of a dispute regarding the amount of underinsured motorist benefits to which Plaintiff, Charles R. Sartoris, is entitled under policies of motor vehicle insurance issued to him by Defendants, State Farm Mutual Automobile Insurance Company, State Farm Insurance Companies and State Farm Companies ("State Farm"). State Farm has filed a motion to strike pursuant to Fed.R.Civ.P. 12(f). For the reasons set forth below, the motion to strike will be granted in part and denied in part.

In summary, Plaintiff's complaint alleges the following facts:[1]

On October 25, 2008, at approximately 2:30 p.m., Jeffrey Page negligently operated his 1995 Ford Taurus by crossing into the lane of travel in which Plaintiff was operating his 2003 Aprilia Tuono motorcycle and striking Plaintiff's motorcycle. As a result of Mr. Page's negligence, Plaintiff sustained severe injuries. At the time of the accident, Mr. Page was insured by Nationwide Insurance Company ("Nationwide"). The limit of Mr. Page's bodily injury liability coverage was $50,000.00. Plaintiff's counsel demanded, and Nationwide paid, the policy limits.

Prior to settling the third-party claim against Mr. Page, Plaintiff's counsel advised State Farm of his intent to pursue a claim for underinsured motorist ("UIM") benefits and requested State Farm to consent to the settlement of the third-party claim. In a letter dated January 23, 2009, State Farm waived subrogation and gave the requested consent to settle.

When Plaintiff purchased the insurance policy for his motorcycle from State Farm, he elected to purchase UIM benefits in the amount of $100,000.00 per occurrence. The policy insuring the motorcycle Plaintiff was driving at the time of the accident

---

[1] Plaintiff filed his complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania on January 7, 2011. State Farm removed the case to this

also insured two other motorcycles, and Plaintiff paid a premium to State Farm for stacking coverage. As a result, the State Farm policy insuring Plaintiff's three motorcycles provided a total of $300,000.00 in UIM benefits per occurrence.

At the time of the accident, Plaintiff also owned a 2004 Ford Excursion which he insured through State Farm. In connection with this policy of insurance, Plaintiff purchased UIM benefits in the amount of $100,000.00 per occurrence and he paid a premium for stacking coverage. Thus, the total amount of UIM benefits available to Plaintiff for the October 25, 2008 accident through his insurance policies with State Farm is $400,000.00.

Since the accident, on multiple occasions, Plaintiff's counsel has provided State Farm with medical records and reports concerning Plaintiff's condition, treatment and prognosis, as well as a calculation of Plaintiff's economic loss and estimated future wage loss. On July 21, 2009, State Farm made a payment to Plaintiff for UIM benefits in the amount of $100,000.00. Several months later, Plaintiff's counsel made a written demand on State Farm for the limits of Plaintiff's UIM benefits coverage or $400,000.00. On April 28, 2010, State Farm made an additional payment of UIM benefits to Plaintiff in the amount of $50,000.00. Since that time, Plaintiff's counsel has maintained his demand for the policy limits of UIM benefits available to Plaintiff, but State Farm has failed to make any additional payments.

---

Court on January 31, 2011 pursuant to 28 U.S.C. §§ 1441 and 1446.

In paragraphs 28 to 32 of the complaint, Plaintiff alleges the following:

* * *

> 28. State Farm has not objectively and fairly evaluated Plaintiff's claim.
>
> 29. State Farm has not offered payment of the reasonable and fair value of the claim to Plaintiff.
>
> 30. State Farm has failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that the serious injuries sustained by Plaintiff and the consequences therefrom entitle Plaintiff to the balance of the coverage available under the policies, as set forth herein.
>
> 31. Plaintiff is owed by Defendant a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim in order to arrive at a prompt, fair and equitable settlement, which State Farm has failed to do.
>
> 32. For the reasons set forth above, State Farm has violated its obligations under the policies of insurance.

* * *

In addition to $250,000.00 (the difference between the limits of Plaintiff's UIM coverage ($400,000.00) and the payments of UIM benefits made by State Farm to date ($150,000.00), Plaintiff seeks interest, attorneys' fees and costs.

# III

Rule 12(f) of the Federal Rules of Civil Procedure provides:

\* \* \*

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

\* \* \*

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Tennis v. Ford Motor Co., 730 F.Supp.2d 437 (W.D.Pa.2010), *quoting*, McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa.2002).

**Paragraphs 28 to 32 of the Complaint**

Noting that Plaintiff has not asserted a claim for bad faith under Pennsylvania law, State Farm requests the Court to strike paragraphs 28 through 32 of the complaint arguing that the allegations in these paragraphs sound in bad faith.[2] To the extent paragraph 31 is not stricken in its entirety, State Farm contends that the word "fiduciary" should be stricken because this case does not involve State Farm's handling of a third-party

---

2 As State Farm further notes, the sole issue that a jury must decide in this case is the amount of damages that Plaintiff is entitled to receive from Mr. Page, and, therefore, the amount of UIM benefits owed to Plaintiff by State Farm.

5

claim. Rather, Plaintiff alleges that State Farm owed him a fiduciary duty with regard to UIM coverage and the law does not impose a fiduciary duty on State Farm in this context.

In his response to the motion to strike, Plaintiff expressly consents to striking the term "fiduciary" in paragraph 31. Thus, this portion of State Farm's motion to strike will be granted. As to the allegations in paragraphs 28 through 32 of the complaint which sound in bad faith, Plaintiff concedes that he is not asserting a claim for statutory bad faith. Nevertheless, Plaintiff maintains that, with the exception of the term "fiduciary," the allegations are proper because State Farm owes him a duty of good faith and fair dealing with regard to his claim for the limits of UIM coverage provided by his multiple insurance policies with State Farm. After consideration, the Court agrees. See Condio v. Erie Ins. Exchange, 899 A.2d 1136, 1144-45 (Pa.Super.2006)(When faced with a claim for uninsured or underinsured motorist benefits, an insurance company's duty to its insured is one of good faith and fair dealing). Accordingly, State Farm's motion to strike paragraphs 28 through 32 of Plaintiff's complaint in their entirety will be denied.

**Attorney's Fees**

State Farm also requests the Court to strike Plaintiff's request for attorney's fees in the complaint's prayer for relief. State Farm notes, and Plaintiff concedes, that attorney's fees

may be recovered from an adverse party only if there is clear contractual or statutory authority for the award and Plaintiff has not identified any such authority. Under the circumstances, Plaintiff's request for attorney's fees will be stricken.

_____
William L. Standish
United States District Judge

Date: February 28, 2011